S. S. BARNES, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs February 10, 1910. Opinion Filed February 21, 1910.

RAILROADS: Negligence: Fires: Vanderburgh v. Railroad Followed. The facts in this case being identical with those examined in Vanderburgh v. Railroad, 146 Mo. App. 609, on the authority of that case, the judgment in this one is affirmed.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

*E. F. Sharp, Russell & Deal* for respondent.

REYNOLDS, P. J.—Action for damages for the destruction of a frame and sheet-iron building containing machinery used in ginning cotton, situated at Marston, New Madrid county, alleged to have been damaged and destroyed by fire communicated by sparks from an engine or engines in use upon the railroad of and operated by the defendant company, the value of the property being placed at $7526.75.

The answer was a general denial.

On the trial before the court and jury, plaintiff's damages were assessed at the sum of three thousand dollars, and judgment followed. After an unsuccessful motion for a new trial and in arrest, the defendant duly perfected an appeal to this court, having saved exceptions to the adverse rulings of the trial court.

The fire which caused the loss in this case is the same one that was under review in the case of Vanderburgh against this same defendant, decided January 18, 1910, reported 146 Mo. App. 609, it having originated in the cotton gin of this plaintiff and spread from that to the Vanderburgh property, the property in the Vanderburgh case consisting of an iron-hoop mill building, machinery, etc., which was adjacent to the cotton gin, the destruction of which latter is involved in this present suit. The evidence in this case is practically the same as in the Vanderburgh Case, the instructions are practically along the same lines as in that case, and the assignments of error are practically identical in the one case as in the other. As the facts attendant upon the origin of the fire and the liability of defendant were all examined in the Vanderburgh case, it being there held that they were sufficient to carry the case to the jury and to sustain the verdict, it is unnecessary to go

over them any. further.   We refer to the Vanderburgh case.   On the authority of the decision in that case, the judgment of the circuit court in the case at bar is affirmed.   All concur.