### RADOFF v. GUARDIAN TRUST CO. et al.
### No. 9801.

Court of Civil Appeals of Texas. Galveston.
Jan. 31, 1933.

Rehearing Denied March 9, 1933.

608

A. M. Waugh and C. L. Bass, both of Houston, for appellant.

Lewis & Burr, of Houston, for appellee R. L. Autrey.

Sam Neathery and W. D. Orem, both of Houston, for appellee city of Houston.

Baker, Botts, Andrews & Wharton, F. G. Coates, and John T. McCullough, all of Houston, for appellee Guardian Trust Co.

PLEASANTS, Chief Justice.

This is a suit by appellant to recover damages from appellees for wrongful injury to his property. The defendants named in the petition are Guardian Trust Company, independent executor of the Estate of Hugh Hamilton, deceased, the City of Houston, and R. L. Autrey. Plaintiff's petition alleges, in substance, that on and prior to May 30, 1929, each of the defendants owned in severalty and possessed and occupied land situated in the city of Houston and lying between the lines made by the highest unobstructed floods, or the highest unobstructed flow of water in Buffalo bayou, the land so owned by each defendant being described in the pleadings; that on and prior to said 30th day of May, 1929, each of the defendants owned, possessed, occupied, and maintained certain structures upon the land owned by them, respectively; that "said structures were located so close to one another that their combined effect was such that they might, could, and probably would obstruct flood waters of Buffalo Bayou so as to lift such waters in one body so high that such water would overflow land adjacent to Buffalo Bayou that would not have been overflowed if such body of water had not been made of such height; and said structures did have such effect at such time.

"And at said time each of defendants knew, and an ordinarily prudent person under the same and similar circumstances would have known, the facts set out in the next preceding sentence, with the exception of the fact that such overflow actually occurred; and an ordinarily prudent person under the same and similar circumstances would have known that water so overflowing might, could, and probably would damage the personal property of plaintiff as stated below.

"And at such time each of defendants, by having knowledge as aforesaid and by failing to remove such structures and enough thereof from said pieces of land of such defendant to prevent the high accumulation of said body of water and its overflow, as aforesaid, thereby agreed and co-operated and jointly participated with one another in maintaining said structures and said body of water, so that said body of water was made sufficiently high to overflow said land, as aforesaid, and damage said personal property of plaintiff as stated below.

"And at said time each of defendants by failing to do acts that would prevent such body of water from becoming so high as to cause such overflow and damage to plaintiff's personal property, so participated in the negligence of one another as to be jointly negligent to maintaining said body of water and in permitting it to cause damage to plaintiff's personal property.

"And said damage to plaintiff's personal property was the natural and proximate effect of each and all of the willful and negligent acts of defendants stated above."

The damage to plaintiff's property from overflow of Buffalo bayou, caused by the alleged wrongful and negligent acts of the defendants, is alleged to have amounted to the sum of $2,500.

Each of the defendants in due time and order of pleading filed pleas in abatement, setting up misjoinder of parties and causes of action on the ground that such defendant did not occupy, possess, or own any of the lands described in plaintiff's pleadings in common with either or both the other defendants; that there was no common design or purpose, or concerted or joint action on the part of such defendant with either or both of said other defendants in maintaining any structures or alleged obstructions upon the land and premises so held in possession by such defendant; that such defendant is entirely separate and distinct from each and both of said other defendants, and has no interest in the lands alleged to be owned by either or both of them; and that such defendant is liable, if at all, only for injuries and damages directly and proximately caused by obstructions located upon the lands owned and possessed by such defendant; and that all these facts affirmatively appear upon the face of plaintiff's pleadings.

The trial court sustained the plea of misjoinder, and appellant having refused to amend his petition, his suit was dismissed.

The correctness of the court's ruling on the plea and the validity of the judgment for costs against appellant are the only questions presented by this appeal.

The question of whether appellees' pleas in abatement were properly sustained by the trial court, it seems to us, is definitely

decided against appellant by the opinion of our Commission of Appeals in the case of Sun Oil Co. et al. v. Robicheaux et al., 23 S.W.(2d) 713, 715. The rule in cases of this character is thus stated in the opinion cited:

▮ rule is well established in this state, and supported by almost universal authority, that an action at law for damages for tort cannot be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed; and it does not become joint because afterwards its consequences, united with the consequences of several other torts committed by other persons in producing damages. Under such circumstances, each tort-feasor is liable only for the part of the injury or damages caused by his own wrong; that is, where a person contributes to an injury along with others, he must respond in damages, but if he acts independently, and not in concert of action with other persons in causing such injury, he is liable only for the damages which directly and proximately result from his own act, and the fact that it may be difficult to define the damages caused by the wrongful act of each person who independently contributed to the final result does not affect the rule. Sun Co. v. Wyatt, 48 Tex. Civ. App. 349, 107 S. W. 934; 38 Cyc. 484; 26 R. C. L. 766."

The first case cited in the quoted opinion, that of Sun Company v. Wyatt, was decided by this court; the opinion of this court having been written by that great lawyer and judge, the late Justice Reese. That opinion clearly distinguishes the question here presented from cases of concurrent negligence in which each party found guilty of negligence which concurring with the negligence of the other party or parties renders each jointly and severally liable for the entire damage caused by such negligence. After making this distinction, the opinion says: "We take it, however, to be established that, unless each party is liable for the entire injury resulting from the combined acts of all, they cannot be joined in one action. Now in the present and similar actions, where the parties act separately and independently, with no concert of action, and no common purpose, it would be manifestly unjust to make each liable for the entire injury without regard to the extent to which its acts contributed to the general result. Yet this is exactly what the charge of the court, following logically the averments of the petition, sought to do. We are of the opinion that the defendants were improperly joined, and that their several special demurrers should have been sustained."

Upon a second trial of the Wyatt Case, the trial court sustained the pleas of misjoinder, and on appeal to this court that holding of the trial court was affirmed, and writ of er-

ror from our judgment was denied by our Supreme Court. Wyatt v. Sun Co. et al. (Tex. Civ. App.) 126 S. W. 1198.

It is true that in the Robicheaux Case, supra, the opinion of the Commission of Appeals reversing the judgment is based upon the absence of any facts adduced upon the trial showing any concert of action or common purpose of the defendants in the commission of the acts which caused the injury, but, on the contrary, the court in its opinion finds that the facts shown upon the trial negative such ▮

▮ The facts of that case do not negative a concert of action or common purpose on the part of the defendants more strongly than the allegations of plaintiff in this case, and it is immaterial in determining the question of appellees' joint and several liability whether that question is presented by the facts adduced on the trial or is raised on exception to the petition by a plea of misjoinder.

The cases of Little Schuylkill Navigation Co. v. Richards' Administrator, 57 Pa. 142, 98 Am. Dec. 209, and Chipman v. Palmer, 77 N. Y. 51, 33 Am. Rep. 566, fully sustain the holdings of our courts before ▮

▮ When the trial court sustained the plea of misjoinder and appellant declined to amend his petition, his suit was properly dismissed, and the judgment against him for costs properly followed the order of dismissal.

These conclusions require an affirmance of the judgment, and it has been so ordered.

Affirmed.