**LANDERS v. EAST TEXAS SALT WATER DISPOSAL CO., Inc. et al.**

**No. 6527.**

Court of Civil Appeals of Texas. Texarkana.

June 28, 1951.

Rehearing Denied Sept. 6, 1951.

Mat Davis, Gilmer, for appellant.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, Fred Hull, Tyler, Carrington, Gowan, Johnson & Walker, W. C. Gowan, Dallas, for appellee.

LINCOLN, Justice.

The opinion of this court rendered on the 25th day of April, 1951, is hereby withdrawn and the following opinion is rendered in lieu thereof:

This appeal is from an order of the District Court of Upshur County, sustaining pleas in abatement filed by appellees directed at appellant's petition and dismissing his suit. The petition alleged that a lake on appellant's land is supplied with water from slopes and drains west of his land; that on or about April 1, 1949,

the East Texas Salt Water Disposal Co., Inc. (hereafter referred to as the Salt Water Company) negligently permitted its line to break, thereby permitting salt water pumped through said line to escape and run by natural drainage into appellant's lake. The salt water line, as we understand the petition and the briefs, is on the south side of the draw through which water flows into appellant's lake. The claim against the Sun Oil Company is that on the north side of said draw there is an oil well and a pipe line through which said company pumps oil and salt water, and that on or about the same date it negligently permitted its line to become broken and to permit its oil and salt water to escape and run into appellant's lake. As a result of pollution of the lake by salt water and by oil, appellant alleges pecuniary damages through loss of fish, expense of drainage, cleaning out the lake, and other claims not necessary to mention. The appellant sought an injunction against both appellees to prevent further pollution of his lake, as well as damages against the appellees jointly. The pleas in abatement filed by each of the appellees are substantially identical. The grounds stated in the pleas are that there is a misjoinder of parties defendant and of causes of action as shown by the appellant's petition, because the petition does not allege that the defendants were acting jointly or that they were jointly negligent, but on the contrary it appears from such petition that each defendant is alleged to have acted separately in doing the acts complained of. Each defendant also filed separate answers subject to the pleas in abatement, with numerous exceptions to the petition, some of which are upon the same grounds as stated in the pleas in abatement, and general and special denials.

The judgment appealed from recites that on December 9th, "came on to be heard the respective pleas in abatement of the defendants * * * to plaintiff's cause of action herein"; that the court "having heard the said pleas in abatement and considered the pleadings on file as the evidence in support of said pleas," took the same under advisement and on December 17 thereafter rendered his decision. By the decision and judgment, the pleas in abatement were overruled insofar as concerned the suit of appellant for injunctive relief, and the main suit was permitted to remain on the docket for that purpose. As for the appellant's suit against the corporate defendants, appellees, for damages, the court held that there was a misjoinder of parties and causes of action, and the judgment sustaining the pleas in abatement directed a severance. The judgment ordered appellant's suit for damages against the Salt Water Company docketed as one case and his suit for damages against Sun Oil Company docketed as another case, and that appellant replead his cases. It is further recited that appellant refused to replead and his entire suit was dismissed, to all of which the appellant excepted and gave notice of appeal.

Appellees urge that the action of the court appealed from was that dismissing appellant's suit, not in sustaining the pleas in abatement. But dismissal of the suit constituted a final judgment and brings in review the action of the court in sustaining the pleas in abatement. Appellant predicates error of the trial court in sustaining the pleas in abatement on the ground that in an action for damages due to the negligence of two different persons, but together the efficient cause of such damage, and where the actions of both parties contributed to the resulting damage, they may be held liable jointly, and the negligence of one furnishes no excuse for the negligence of the other. He relies upon the decision of the Court of Civil Appeals in Rapid Transit Ry. Co. v. Edwards, 55 Tex.Civ. App. 543, 118 S.W. 838, 840, in which writ of error was denied by the Supreme Court. In that case Judge Talbot quoted with approval from Missouri, K. & T. Railway Co. v. Williams, Tex.Civ.App., 117 S.W. 1043, as follows: "If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other." Following which, the court further said: "Therefore, notwithstanding

the Santa Fe Railway Company was guilty of negligence in placing the coal car so close to the railway track of appellant the jury were justified in concluding that appellant failed to use ordinary care to discover and have said car removed, and that such negligence, concurring with the negligence of the Santa Fe Railway Company proximately contributed to cause appellee's injuries."

It is apparent that the court in the Edwards case construed the facts as constituting concurrent acts of negligence producing a single result, the death of the street railway conductor. This is further emphasized from a consideration of the same court's decision in Missouri, K. & T. Railway Co. v. Williams, supra, as authority for the holding in the Edwards case. In the Williams case it was clearly held that the facts constituted concurrent negligence producing the death of the engineer.

■ On the other hand appellees rely upon the decisions, among others, of Sun Oil Co. v. Robicheaux, Tex.Com.App., 23 S.W.2d 713; Warren v. Premier Oil Refining Co., Tex.Civ.App. 173 S.W.2d 287 and Algorde Oil Co. v. Hokanson, Tex.Civ. App., 179 S.W. 350. In the last two cases error was refused for want of merit. The Robicheaux case was quite similar in its facts to the present case. The suit was against the Sun Oil Company and numerous other alleged oil producers for damages for permitting salt water to be drained by the defendants onto lands cultivated by the plaintiffs. In that case Judge Critz, for the Commission of Appeals, said: "The rule is well established in this state, and supported by almost universal authority, that an action at law for damages for tort cannot be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed, and it does not become joint because afterwards its consequences, united with the consequenses of several other torts committed by other persons in producing damages. Under such circumstances, each tort-feasor is liable only for the part of the injury or damages caused by

his own wrong; that is, where a person contributes to an injury along with others, he must respond in damages, but if he acts independently, and not in concert of action with other persons in causing such injury, he is liable only for the damages which directly and proximately result from his own act, and the fact that it may be difficult to define the damages caused by the wrongful act of each person who independently contributed to the final result does not affect the rule." [23 S.W.2d 715.]

■ We do not deem it necessary to discuss or quote from the other two cases, nor from numerous other decisions to which we might refer, except to say that they follow the decision in the Robicheaux case. The rule stated in the Robicheaux case is well established in this state, and appellant's averments bring his case within that rule. To hold with his contention with reference to his suit for damages against the two defendants would be contrary to such established rule. The distinction between the holdings in the Edwards case and in the Robicheaux case is the distinction which arises between acts of two or more defendants constituting concurrent negligence producing the same result, and the negligent acts of two or more defendants which are wholly separate and independent, not concurrent. We concede that the holding of our Texas courts is not in harmony with that of some other states, but we, of course, must follow our own decisions. We conclude the court did not err in sustaining the pleas in abatement insofar as concerned appellant's suit for damages against appellees.

■ Also the court correctly overruled the pleas in abatement to appellant's suit for injunctive relief. Judge Critz, in the Robicheaux case said: "Where several wrongdoers act independently of each other in producing the same consequence, the equitable remedy of injunction may be resorted to by the person injured, to abate the nuisance or injury." Appellees apparently concede that to be the rule and although they excepted to the action of the court in that respect they have not appealed from it.

■ We pass now to the action of the court in dismissing appellant's suit for refusal to replead. Rule 41, Texas Rules of Civil Procedure, reads: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately." It was therefore appropriate for the court to sever the respective claims for damages against the corporate defendants, under authority of the foregoing rule, and to docket them separately. Rule 68, T.R.C.P., provides that "The court, when deemed necessary in any case, may order a repleader on the part of one or both of the parties, in order to make their pleadings substantially conform to the rules." This is former Rule 29 for district and county courts unchanged.

■ The trial court is charged and vested with the right and duty of controlling its trials. If it deems a repleader necessary, and so rules, it is the duty of an attorney in behalf of his client to comply with the order. If he refuses he may suffer a dismissal. 71 C.J.S., Pleading, § 481; Vol. 8, Tex.Jur.Supp., p. 149, sec. 98. The court is vested with the exercise of discretion in its power to enforce compliance. His abuse of discretion is reviewable on appeal. Shaw v. Universal Life & Accident Ins. Co., Tex.Civ.App., 123 S.W.2d 738.

■ Obviously, the court's desire in requiring appellant to replead was to have him separate his three causes of action as presented in his petition into three separate sets of averments applicable each to its own purpose. The court felt that the same petition presented in each severed case would not be appropriate. Under the facts as presented by this record we think there was no abuse of discretion on the part of the trial court. In fact, appellant's action in declining to amend appears to have been taken because he preferred appellate review of the legal questions involved. We find the following statement in his motion for rehearing: "When the trial court announced that the pleas in abatement * * would be sustained, appellant there stated to the court that the law prohibited him from recovering against a defendant separately in such instances and that absolutely nothing could be gained by separate trials." He further asserts that neither the appellant nor the trial court "had any other alternative than the action that was taken in view of the decisions with which we are confronted." This is commendable frankness, and appellant urges that his only relief can come from an overruling of the cases hereinbefore referred to, and which have established the rule he says is wrong. While the holding of the Commission of Appeals in the Robicheaux case, supra, was not specifically approved by the Supreme Court, and in the Warren and Algorde cases writs of error were refused for want of merit, yet we feel those cases and authorities upon which they are based announce the law of this state upon the issues involved in this appeal. Unless and until the Supreme Court holds differently, we feel it is our duty to follow the decisions referred to. Nor may we hold, as appellant insists, that our decision, grounded as above, is violative of the Fifth and Fourteenth Amendments to the Constitution of the United States, and of Sections 17 and 19 of Article I, the Bill of Rights of the Constitution of Texas, Vernon's Ann.St.

Our former judgment reversing and remanding this cause for further proceedings is set aside, the judgment of the District Court is affirmed, and appellant's motion and supplemental motion for rehearing are overruled.