## C. H. LANDERS V. EAST TEXAS SALT WATER DISPOSAL COMPANY ET AL.

No. A-3375. Decided April 2, 1952.
Rehearing overruled May 28, 1952.
(248 S. W., 2d Series, 731.)

*Matt Davis,* of Gilmer, for petitioner.

The Court of Civil Appeals erred in holding that the plaintiff's petition did not allege a joint cause of action, because the authorities relied upon are in direct conflict with the holdings of several courts and outlaw causes of action for "concurrent negligence." Pickerell v. Lewisville, 100 S.W. 873; 38 Cyc. 487.

*Hardwicke & Hardwicke* and *Robert E. Hardwicke,* all of Fort Worth; *Carrington, Gowan, Johnson & Walker* and *W. C. Gowan,* all of Dallas, for Sun Oil Co., *Ramey, Calhoun, Marsh & Brelsford* and *Fred Hull,* for East Texas Salt Water Disposal Co., respondents.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Suit by C. H. Landers, plaintiff, against East Texas Salt Water Disposal Company and Sun Oil Company, defendants, seeking a joint and several judgment of damages and injunctive relief was dismissed as to the damages feature by the trial court, when, after the defendants' plea in abatement asserting a misjoinder of parties and of causes of action had been sustained, the plaintiff declined to replead so as to assert several liability only against each of the defendants in separate suits. The Court of Civil Appeals affirmed. 242 S.W. 2d 236.

In his petition plaintiff alleged that he was the owner of a small lake which he had drained, cleaned and stocked with fish at considerable expense; that defendant East Texas Salt Water Disposal Company was the owner of a pipe line which traversed land adjoining plaintiff's land on the west and into which the defendant pumped approximately 1500 barrels of salt water daily; that on or about April 1, 1949, such pipe line broke and the defendant Disposal Company negligently permitted some 10,000 to 15,000 barrels of salt water to escape from the line and to flow over plaintiff's land and into his lake, killing his fish

and otherwise injuring and damaging him. Plaintiff further alleged that the defendant Sun Oil Company was the owner of an oil well, located a short distance from plaintiff's property line, from which the defendant pumped small quantities of oil and large quantities of salt water each day, the oil and salt water being carried off through a pipe line which for some distance ran parallel to a spring branch; that the branch crossed plaintiff's property and emptied into his lake; that on or about April 1, 1949, the pipe line broke and the defendant Sun Oil Company negligently permitted large quantities of oil and salt water to escape and run into the branch and thence into plaintiff's lake, killing his fish and otherwise injuring and damaging him.

When the trial judge sustained the plea in abatement he did not dismiss the suit as he would have done before the adoption of Texas Rules of Civil Procedure, but rather ordered a severance, leaving on the docket under the original cause number, 10472, that part of the suit seeking injunctive relief against both defendants, ordering that plaintiff's suit for damages against Sun Oil Company be docketed as Cause Number 10472A and that his suit for damages against East Texas Salt Water Disposal Company be docketed as Number 10472B. Plaintiff excepted to the action of the court and declined to replead his case. His cause of action for damages was thereupon dismissed.

Much of defendants' brief in this court is devoted to the general proposition that in refusing to replead the plaintiff lost his right to complain of the order of dismissal. It is the theory of respondents that orderly procedure required the plaintiff to replead when ordered to do so, proceed to trial in one of the severed cases of damages and appeal only when he had lost the case, assigning as error on such appeal the action of the court in ordering the severance and in requiring the repleader.

1   A plea of misjoinder, though sustained, can no longer in itself result in a dismissal. Rule 41, T.R.C.P., specifically so provides. Assuming that there was a misjoinder of parties and causes of action, the order entered by the trial court was in all respects in keeping with the provisions of Rule 41, and was perfectly proper. On the other hand, if there was no such misjoinder and it was error to order the severance and repleader, the plaintiff was within his rights in declining to replead and in declining to proceed through a futile and fruitless trial in order to test the correctness of the ruling. The plaintiff was asserting a joint and several cause of action for damages against the two defendants and when the trial court ordered a severance of the

cause so that plaintiff's suit asserting joint and several liability of the two defendants could no longer be tried, the plaintiff's case was terminated just as effectively as if it had been dismissed. The plaintiff was not required under the circumstances of this case to replead and try a case wholly different from that asserted by him in order to obtain appellate review of his right to pursue to trial the case made by his pleadings.

**2** Did the plaintiff in his pleading allege facts which, if established by evidence, made the defendants jointly and severally liable for plaintiff's damages? From the face of the petition it appears that there was no concert of action or unity of design between the defendants in the commission of their alleged tortious acts, an absence said by the court in the case of Sun Oil Co. et al v. Robicheaux et al, Tex. Com. App., 23 S. W. 2d 713 to be determinative of the nonexistence of joint liability. In that case the rule was thus stated:

"The rule is well established in this state, and supported by almost universal authority, that an action at law for damages for torts cannot be maintained against several defendants jointly, when each acted independently of the others and there was no concert or unity of design between them. In such a case the tort of each defendant is several when committed, and it does not become joint because afterwards its consequences, united with the consequences of several other torts committed by other persons in producing damages. Under such circumstances, each tort-feasor is liable only for the part of the injury or damages caused by his own wrong; that is, where a person contributes to an injury along with others, he must respond in damages, but if he acts independently, and not in concert of action with other persons in causing such injury, he is liable only for the damages which directly and proximately result from his own act, and the fact that it may be difficult to define the damages caused by the wrongful act of each person who independently contributed to the final result does not affect the rule. Sun Co. v. Wyatt, 48 Tex. Civ. App., 349, 107 S.W. 934; 38 Cyc. 484; 26 R.C.L. 766."

It may be noted that the opinion of the Commisison of Appeals in the Robicheaux case was not adopted by the Supreme Court. Nevertheless, it has been generally recognized as having correctly stated the law of this state [see Radoff v. Guardian Trust Co., Tex. Civ. App., 57 S.W. 2d 607, 609 (writ refused)], and it was specifically cited and followed by the Court of Civil Appeals in deciding this case.

Undoubtedly the general rule adopted and followed in the Robicheaux case is adequately supported by respectable authority, though it may be doubted that it is as universally approved as is there indicated. See cases collated in the following: 9 A.L.R. 939; 35 A.L.R. 409; 91 A.L.R. 759; 65 C.J.S. pp, 639-645, Negligence, sec. 102; 62 C.J. pp. 1130-1135; Torts, secs. 44 & 45; 38 Amer. Jur. pp. 946-948, Negligence, sec. 257; 52 Amer. Jur., pp. 448-454, Torts, secs. 110-112, Cooley on Torts, Fourth Edition Vol. 1, pp. 276-287, sec. 86. A casual reading of the cited texts will demonstrate that different writers have different ways of stating the rule, each with somewhat different implications, and that they differ also in what constitutes majority sentiment. But wth the execption of Oklahoma and Kansas (see Northup v. Eakes, 72 Okla. 66, 178 P. 266; Tidal Oil Co. v. Pease, 153 Okla. 137, 5 Pac. 2d 389; Kanola Corp. v. Palmer, 167 Okla. 430, 30 P. 2d 189; Prairie Oil & Gas Co. v. Laskey, 173 Okla. 48, 46 P. 2d 484; Arnold v. Hoffman & Son Milling Co., 86 Kans. 12, 119 P. 373; McDaniel v. City of Cheeryvale, 91 Kans. 40, 136 P. 899, 50 L.R.A. (N.S.) 388; Mosby v. Manhatten Oil Co., 8th Cir., 52 Fed 2d 364, 77 AL.R. 1099, cert. denied, 284 U.S. 677, Sup. Ct. 131, 76 L. Ed. 572), the courts of the country seem to be virtually unanimous in refusing to impose joint and several liability on multiple wrongdoers whose independent tortious acts interfere with a landowner's interest in the use and enjoyment of land by interfering with his air or water. Restatement of the Law of Torts, Vol. 4, p. 449, sec. 881; Cooley on Torts, 4th Edition, Vol. 1, pp. 283-287; 9 A.L.R. 947-952; 35 A.L.R. 412; 91 A.L.R 763-765.

Much has been written on the need for re-examination of the rule approved in the Robicheaux case. See Wigmore in 17 Illinois Law Review 458; 27 Columbia Law Review 764; Gendel in 19 California Law Review 630; Prosser in 25 California Law Review 413; Jackson in 17 Texas Law Review 399; Robinson in 27 Texas Law Review 732. Thus far, however, but little has been achieved toward inducing the courts to re-examine the rule. Wigmore has suggested that the rule of joint and several liability in the field of torts had its inception in the need of the law, bent on justice, to relieve a plaintiff of the intolerable burden of proving what share each of two wrongdoers contributed to the plaintiff's injuries, and that the burden is just as intolerable and the need for relief therefrom is just as great when the independent tortious acts of multiple defendants contribute to a plaintiff's indivisible injuries as when the acts are done in concert and of common design. 17 Illinois Law Review 459.

2 The rule of the Robicheaux case, strictly followed, has made it impossible for a plaintiff, though gravely injured, to secure relief in the nature of damages through a joint and several judgment by joining in one suit as defendants all wrongdoers whose independent tortious acts have joined in producing an injury to the plaintiff, which, although theorectically divisible, as a practical matter and realistically considered is in fact but a single indivisible injury. As interpreted by the Courts of Civil Appeals the rule also denies to a plaintiff the right to proceed to judgment and satisfaction against the wrongdoers separately because in such a suit he cannot discharge the burden of proving with sufficient certainty, under pertinent rules of damages, the portion of the injury attributable to each defendant. Tucker Oil Co. v. Matthews, Tex. Civ. App., 119 S.W. 2d 606 (no writ history) ; Paluxy Asphalt Co. v. Helton, Tex. Civ. App.. 144 S.W. 2d 453 (writ dism. correct judg,) ; Panhandle & S.F. Ry. Co. v. Wiggins, Tex. Civ. App., 161 S.W. 2d 501 (writ ref. want of merit) ; Warren v. Premier Oil Ref'g. Co. of Texas, Tex. Civ. App., 173 S.W. 2d 287 (writ ref. want of merit) ; Algorde Oil Co. v. Hokanson, Tex. Civ. App., 179 S.W 2d 350 (writ ref. want of merit). Contrast the case of Powell Salt Water Co. v. Bigham, Tex. Civ. App., 69 S.W. 2d 788 (no writ history). Thus at the time he filed his suit the plaintiff in this case was confronted with a declared  status of the law in this state which effectively relieved the two defendants of the consequences of their wrongs and required the innocent plaintiff to suffer his injuries without recompense. Whether he insisted on standing on his joint and several suit against the defendants or bowed to the ruling of the trial court and proceeded against the defendants separately, he could not prevail. In other words, our courts seem to have embraced the philosophy, inherent in this class of decisions, that it is better that the injured party lose all of his damages than that any of several wrongdoers should pay more of the damages than he individually and separately caused. If such has been the law, from the standpoint of justice it should not have been; if it is the law now, it will not be hereafter. The case of Sun Oil Co. v. Robicheaux is overruled. Where the tortious acts of two or  more wrongdoers join to produce an indivisible injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit. If fewer than the whole number of wrongdoers are joined as defendants to plaintiff's suit, those joined may by proper cross action under

the governing rules bring in those omitted. To permit the joinder as defendants of such wrongdoers without at the same time imposing joint liability upon them would not relieve the inequities of the situation nor cure the ills of the plaintiff. Simple procedural joinder of the defendants would put the plaintiff in no better position to produce the required proof of the portion of the injury attributable to each of the defendants. In most such cases, under the decisions heretofore cited, he would still be the victim of an instructed verdict. It would be of no comfort or advantage to the plaintiff that the instructed verdict relieved all of the defendants of liability in one suit at one time rather than in separate suits and one at a time.

**3** Under the rule here announced, the allegations of plaintiff's petition were sufficient to assert a case of joint and several liability against the defendants. It follows that there was no misjoinder of either parties or causes of action. Rule 40, T.R.C.P.

But the defendants assert that although there was no misjoinder we must assume that the trial judge's action in ordering the severance and the repleader was taken pursuant to the broad discretion conferred on him by the provisions of Rules 40, 41, 68 and 174. Rule 40, after providing for the permissive joinder of parties of certain classes, provides in paragraph (b) that the court "* * * may order separate trials or make other orders to prevent delay or prejudice." Rule 174, paragraph (b), provides that "The Court *in furtherance of convenience* * * * may order a separate trial of any claim * * * or of any separate issue * * *." (Emphasis ours.) The discretion lodged in the trial judge by these rules is about as broad as language could make it and if we did not hold that the petition asserts against the defendants a case of joint liability it may well be that on the record before us we would be compelled to affirm the judgments of the courts below on the theory suggested. A different situation is presented by our holding that the petition asserts a case of joint liability. Even so, we find it unnecessary to determine whether the trial judge abused his discretion in ordering the severance because we are convinced from the record before us that the action of the trial judge in ordering the severance, like the action of the Court of Civil Appeals in affirming, was taken in deference to the opinion in the Robicheaux case and not as an incident to the exercise of discretion.

In spite of the rule announced in the Robicheaux case our courts have long since sanctioned the imposition of joint and

several liability in negligent collision cases where there was neither concert of action nor unity of design. Texas Power & Light Co. v. Stone, Tex. Civ. App., 84 S.W. 2d 738 (writ refused) ; Baylor University v. Bradshaw, Tex. Civ. App., 52 S.W. 2d 1094, affirmed 126 Texas 99, 84 S.W. 2d 703. It may be that the Stone and Bradshaw cases can be distinguished on the facts from the instant case in that in each of those cases the negligence of the wrongdoers contributing to the injury was operating simultaneously, while there is no allegation in the plaintiff's pleading here that the salt water escaping from the two pipe lines reached the lake at the same instant. Even so, the burden of proving the share contributed to the injury by each of the wrongdoers is just as onerous in this case as in those cases and we perceive no sound reason for permitting the imposition of joint and several liability in the one class of cases and denying it in the other.

There is, of course, no joint liability for damages for the loss of trees and grass killed by the salt water escaping from the pipe line owned by East Texas Salt Water Disposal Company before such water entered the lake. It was not a misjoiner, however, to include this as an item of recovery sought in this suit.

The judgment of the Court of Civil Appeals and of the trial court are reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Opinion delivered April 2, 1952.

Associate Justices Smedley and Garwood dissenting.

MR. JUSTICE GARWOOD dissenting.

As it lies in my mind, the question presented is one of procedure. The petition alleged that the negligent breaks in the respective salt water lines of the two defendants each occurred on or about April 1, 1949, and polluted the one lake in question and "killed, or contributed to the killing, of all the fish in plaintiff's lake, to plaintiff's damage by the killing of said fish in the sum of at least $126.15, and further damages for the loss of the use of said lake as will be hereinafter more specifically pled." About the only material differences in the respective allegations concerning each break are that in one instance the amount of salt water which escaped and entered the lake was "approximately 12,000 to 15,000 barrels" and in the other "large quantities," while the former did special items of damage by running over plaintiff's land before it reached the lake. The prayer for

damages sought a joint and several judgment against both defendants for all losses suffered. A plea in abatement of each defendant based on misjoinder of parties and causes of action was sustained, and the suit, as to damages, was dismissed on the refusal of the plaintiff to replead by separate suits for damages against each defendant. The correctness of that action of the trial court, affirmed by the Court of Civil Appeals, is all that is before us.

Rule 40, Texas Rules of Civil Procedure, contains this clear provision:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded."

This seems quite broad enough to entitle the plaintiff to bring both defendants into the one suit, and such is apparently the view of Mr. McDonald in his recent exhaustive "Texas Civil Practice." (See Vol. 1, p. 226, § 3.19). It would follow that the trial court erred in sustaining the pleas in abatement.

This approach seems preferable to treating the case in substance as if the trial court had, so to speak, sustained a general demurrer and dismissed on the plaintiff's refusal to replead. It does sometimes happen that so-called dilatory pleas go to the merits, but here I doubt if we should simply presume that the court decided the matter—and thus the whole case—as one of substantive law. The petition may properly be taken as alleging that the conduct of each defendant, separately considered, was sufficient to cause all of the loss suffered. I do not construe the Robicheaux case or any other Texas decision to deny the plaintiff under such circumstances a full recovery against both defendants jointly and severally, and consequently am reluctant to assume that the trial court acted on a contrary theory.

Mr. McDonald does appear also to sanction the view that much latitude is lodged in the trial court in applying—rightly or wrongly—the procedural rule in question and for that reason, as well as what is said in the majority opinion, the conclusion of the latter on the point has much to support it. However, in

260

a case like the present, in which the situation is relatively simple, with everything that was known to the trial court being equally well known to us, and in which our revision of the trial court's action involves no very expensive consequence, I should not hesitate to act on my difference of opinion with the trial judge, even though I do hesitate to employ that somewhat vague and condemnatory phrase, "abuse of discretion."

My own preference, therefore, is to reverse with instructions to reinstate the suit as if the pleas in abatement had not been sustained, but without thereby making any ruling on the substantive law of the case.

Opinion delivered April 2, 1952.

Rehearing overruled May 28, 1952.