The CITY OF ALICE et al., Appellants,

v.

Louis LACEY et al., Appellees.

No. 14008.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 28, 1962.

Lon D. Herbert, Alice, for appellants.

Sidney P. Chandler, Corpus Christi, for appellees.

POPE, Justice.

The City of Alice and Alice Independent School District have appealed from a dismissal of their ad valorem tax suit against Louis Lacey and wife. The trial court heard and granted the defendants' motion that plaintiffs replead. Upon plaintiffs' refusal, the court ordered the dismissal.

■ Rule 68, Texas Rules of Civil Procedure, authorizes a court to order a repleader to make the pleadings substantially conform to the rules, and a refusal to replead will justify a dismissal. Ship Ahoy, Inc. v. Whalen, Tex.Civ.App., 347 S.W.2d 662; Landers v. East Texas Salt Water Disposal Co., Tex.Civ.App., 242 S.W.2d 236, 240, reversed on other grounds, 151 Tex. 251, 248 S.W.2d 731; Shaw v. Universal Life & Accident Ins. Co., Tex.Civ.App., 123 S.W.2d 738; Overstreet v. Donnell, Tex. Civ.App., 75 S.W.2d 937; 4 A.L.R.2d 352; 71 C.J.S. Pleading §§ 462g, 482; 8 Tex. Jur., Supp., Pleadings, § 98.

■ Article 7328.1, Vernon's Tex.Civ. Stats., is a legislative effort to reduce the paper work in tax suits. It provides for a simplified petition, whether the suit is for recovery of taxes owing on real or personal property. The pleadings in this case are too long. The petition consists of thirty-nine pages of allegations and exhibits, including statements of the evidence. To this pleading, defendants first leveled their motion to replead, followed by numerous special exceptions. The trial court ruled on the motion to replead and dismissed the case. The exceptions still have not been considered.

■ Defendants' motion to replead specifically objected to plaintiffs' allegations concerning two former tax suits between the same parties which were also dismissed. Plaintiffs argue that such pleadings are a necessary predicate to their suit and were proper pleadings. They argue that the former suits were dismissed for reasons which required both City and the School District to begin over by re-assessing the defendants' property. Art. 7346, Vernon's Tex.Civ.Stats., authorizes re-assessment proceedings in certain stated instances. One instance is when previous assessments "have been declared invalid for any reason by any district court in a suit to enforce the collection of taxes on said properties * * *." Plaintiffs argue that the references to the former court proceedings were essential predicates to proof of the re-assessment proceedings. While this may be a part of the proof, under art. 7328.1, it was enough for plaintiffs to allege that the taxes on the property were duly and legally levied and re-assessed. The trial court, therefore, did not abuse its discretion in ordering the deletion of matters not necessary to proper pleadings. Even so, after those parts are deleted, the remaining pleadings are unnecessarily prolix, and the trial court very well could have ordered a repleading for the entire case.

■ The cost bill attached to the transcript contains an item of $1,464.75 for printer's costs. From the plaintiffs' petition these costs appear to be the printing costs incurred in the re-assessment proceedings and are a part of the sum plaintiffs seek to recover. The printing costs are not a part of the court costs in this case. In affirming the trial court's dismissal order, we expressly do not, on this appeal, determine that City and School District should or should not bear these costs. We hold that they are not court costs on this appeal.

The judgment of dismissal is affirmed, but costs are not charged to City and School District. Arts. 7343, 7297, Vernon's Tex. Civ.Stats.