LA PLANTE *v.* DU PONT.

1. BAILMENTS—DAMAGE CAUSED BY BAILEE—EVIDENCE—SUFFICIENCY.
   In an action for damages to plaintiff's automobile alleged to have been caused by defendant's use of the car while left in his garage for storage and repairs, testimony *held*, to present an issue of fact for the jury, although there was no direct proof of usage.

2. SAME—TRIAL—INSTRUCTIONS—BURDEN OF PROOF.
   The charge of the court imposing the duty on the plaintiff to prove that either the defendant himself "or some one in his employ with his permission or under his direction used that car, drove it during the time when it was supposed to be in the storage warehouse," and that the repair work "was not done in a good, workmanlike manner," *held*, as favorable to defendant as he was entitled to under the law applicable to a bailment for the mutual benefit of the parties.

3. SAME — PLEADING — DECLARATION—SUFFICIENCY—CAUSE OF ACTION.
   Allegations in the declaration that plaintiff made a contract with defendant to store and paint a part of the car, that it was defendant's duty to take reasonable and proper care of it, that defendant, disregarding such duty, did wrongfully and unlawfully use and allow the car to be used, whereby it became seriously damaged, and that the repair work was not properly done, *held*, to sufficiently state a cause of action.

4. SAME—BREACH OF DUTY BY BAILEE.
   Case may be brought for any breach by the bailee of duties implied by law from the existence of the relation of bailor and bailee, and if the duty alleged to have been violated is one that arises out of the relation it is no objection to an action in case that the performance of the duty has been expressly stipulated for.

5. SAME—RIGHT TO RECOVER PAYMENTS FOR IMPROPER WORK—CONSIDERATION.
   If defendant demanded and accepted payment for repair

For duty and liability of garage keeper to owner of cars, see notes in 45 L. R. A. (N. S.) 314; 48 L. R. A. (N. S.) 561; 15 A. L. R. 681.

work on plaintiff's car which was of no benefit to plaintiff, recovery might be had for want of consideration therefor.

6. APPEAL AND ERROR—TRIAL—INSTRUCTIONS.
   Where, from the entire charge of the court the jury must have understood that they should allow an amount paid for repairs only in the event that they found it was paid on the assurance of defendant that the work done made the car all right, and that such assurance was not true, the use of the word "duress" by the court in describing the conditions of payment, although unfortunate, *held*, not reversible error.

7. SAME—AMENDMENTS TO DECLARATION AFTER JUDGMENT—COURT RULES.
   If payment for repairs not properly done was not recoverable in an action of trespass on the case a count in assumpsit might have been added, and where the amount paid was not in dispute, and the jury found plaintiff was entitled to recover same, Circuit Court Rule No. 22 is authority for the Supreme Court's treating the amendment as here made in order to sustain the judgment.

Error to Houghton; O'Brien (Patrick H.), J. Submitted April 25, 1923. (Docket No. 65.) Decided June 4, 1923.

Case by Edward LaPlante against John F. DuPont for damages to plaintiff's automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

*Galbraith & McCormack,* for appellant.

*Anthony. Lucas* and *E. F. Le Gendre,* for appellee.

SHARPE, J. The plaintiff, a resident of Hancock, owned a Chalmers automobile (1910 model). In the fall of 1919, he left it in defendant's garage in Laurium for storage during the winter and also to have the mud guards and hood painted. It is his claim that it was then in good working condition.

When he went after it in the spring of 1920 the painting had not been done.   He testified that when he went again some weeks later—

"they were taking the car apart.  *  *  *  I says, 'What's the matter?' 'Oh,' he said, 'you stripped the gears last fall.'   I says, 'if there is any gears stripped, you must have done it yourself.   How could I come from Hancock up here with the gears stripped and didn't know anything about it?    Well,' I says, 'if the gears is stripped, fix it up.'  *  *  *  They told me they could hardly get it from the warehouse to the garage."

He further testified that he returned for the car on July 6th; that he was then told it was all right and paid defendant's bill for repairs, $40.71; that on his way home it "got out of gear, the lever fell out;" that he had to hold the lever in his hand, or it would get out of gear; that he took it back; that they advised him to use it a little longer; that he next drove it about the 1st of August; that when he had driven it half a block "the wheels fell down through, one wheel there, one of the gears, you know, fell down on the street;" that he telephoned defendant and he sent a truck after it and took it to his garage; that he went after it again in two or three weeks and defendant told him it was not ready—

" 'we can't get the stuff.'   He says 'the box is broke and we can't get them kind of boxes any more, the company that used to make them is busted;' "

that he then took it to a garage in Red Jacket and had it repaired at a cost of $163.99.

Plaintiff's claim is based on an allegation that his car was in good working condition when he left it with defendant in the fall of 1919 and that its after condition was due to its use while in defendant's possession and his failure to do the repair work properly.

Plaintiff claimed the right to recover the $163.99 paid for repairs, the $40.71 paid to defendant, $125 for loss of the use of the car, $30 for damage to speedometer, $50 for depreciation in tires, due to such use, and $8 paid for towing the car to Red Jacket, in all $417.70. The last three items were eliminated in the instructions of the trial court. His right to recover on the others was submitted to the jury, who found in his favor in the sum of $260. Defendant's motion for a directed verdict, having been reserved, was renewed, together with a motion for a new trial, and both denied. Defendant here reviews the judgment entered on the verdict on writ of error.

1. The right to a directed verdict is based on the claim that there was no evidence that the car had been used by defendant or any person in his employ. While there was no direct proof of usage and such use was denied by defendant and his employees, we are persuaded that under the testimony an issue of fact for the jury was presented. Plaintiff's testimony, if believed, establishes the fact that the car was in good working condition when he left it with defendant. He also testified that the speedometer was then "working all right" and that when he took it away it would not work at all; that the tires were worn down a little more than when he left it.

"There was more of the fabric showing. * * * I found out the tires were worn out a good deal more than when I put the car there. * * * There were lots of scratches around the doors and one of the seats, one of the small seats, was ripped a little and some one went to sew it up and I found some thread and needle in the box under the seat, and I am sure I never had the use of that myself. Never had no needles there, and there was none there when I bought the car neither, I know. I never saw a torn spot in the seat. * * * I looked and I see it was ripped a little. The thread was sticking out in the cushion."

This testimony, if believed, clearly established the fact that some person had used the car during the time it was in defendant's possession. The charge imposed the duty on the plaintiff to prove that either the defendant himself—

"or some one in his employ with his permission or under his direction, used that car, drove it during the time when it was supposed to be in the storage warehouse,"

and that the repair work "was not done in a good, workmanlike manner." This was as favorable to the defendant as he was entitled to under the law applicable to a bailment for the mutual benefit of the parties.

It is also contended that the declaration did not set up a cause of action. It alleges the contract made with defendant to store and paint a part of the car, that it was defendant's duty to take reasonable and proper care of it, that defendant, disregarding such duty, did wrongfully and unlawfully use and allow the car to be used, whereby it became seriously damaged, and that the repair work was not properly done. We think it sufficiently stated a cause of action.

In 6 C. J. p. 1152, the rule is thus stated:

"The bailor may sue in case where the subject matter of the bailment has been misused by the bailee, or where a loss or injury to the property has occurred from the latter's neglect. In fact case may be brought for any breach by the bailee of duties implied by law from the existence of the relation of bailor and bailee, and if the duty alleged to have been violated is one that arises out of the relation it is no objection to an action in case that the performance of the duty has been expressly stipulated for."

The motion for a directed verdict was properly denied.

2. Counsel urge that the court erred in permitting a recovery for the item of $40.71 paid by plaintiff to defendant for repairs. The court instructed the jury that to entitle plaintiff to recover for this item he must prove that it—

"was received by Mr. DuPont unjustifiably and wrongfully, * * * and that it was paid in order to avoid trouble with Mr. DuPont and was really paid under duress."

It is plaintiff's claim that when he made this payment he asked the defendant's son, in the presence of the defendant,

" 'Is this car all right.' He says, 'yes, sure,' so I paid him everything that they asked for."

The use of the word "duress" was unfortunate. There is no proof that defendant required the payment of this sum as a condition precedent to the delivery of the car to plaintiff. There is proof, however, that it was paid for repair work which in no way benefited the plaintiff, in fact, resulted in greater damage to the car when it was afterwards driven. If so, the demand and acceptance of payment was unjustifiable and recovery might be had for want of consideration therefor. *Murphy* v. *McGraw*, 74 Mich. 318. We have no doubt, after reading the entire charge, that the jury understood they should allow this item to plaintiff only in the event that they found it was paid on the assurance of defendant that the work done made "the car all right," and that such assurance was not true. There can be no question but that plaintiff might recover if the work done on the car and for which payment was made in no way improved the condition of the car but, on the contrary, caused it to be more greatly damaged when it was afterwards driven. The claim of the defendant

was before the jury and we doubt not was forcibly urged by counsel.    It is said that this item could only be recovered in an action of assumpsit.    The allegation in the declaration relative to it is specific and the claim itemized in the bill of particulars filed.    If not recoverable in an action of trespass on the case, a count in assumpsit might have been added.    Under Circuit Court Rule No. 22, it may be added after judgment.    The amount paid is not in dispute. Whether defendant was liable for its repayment was a question for the jury under the proofs.    We may, and do, treat the amendment as here made in order to sustain the judgment.    *Johnson* v. *County of Muskegon,* 195 Mich. 722; *Peacock* v. *Railway Co.,* 208 Mich. 403 (8 A. L. R. 964).

Finding no reversible error, the judgment is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.