## MANZER v. BARNES.

### No. 6081.

Court of Civil Appeals of Texas. Amarillo.

Oct. 2, 1950.

Rehearing Denied Dec. 30, 1950.

See, also, 216 S.W.2d 1015.

W. F. Nix, Amarillo, for appellant.

Cooper & Finney, Amarillo, for appellee.

STOKES, Justice.

On or about May 20, 1947, appellee, J. D. Barnes, was the owner of a second-hand, or used, truck which he had recently purchased and which was in need of considerable repair. He desired to use the truck in the approaching harvest of a large wheat crop owned by him and, on that day, he delivered it to the appellant, Martin R. Manzer, who owned and operated a garage and automobile repair shop in Amarillo, for the purpose of repairing it so that he could use it in his harvest. Appellant received the truck and he and his employees worked upon it for several days and replaced a number of parts in the motor. After completing the work of repairing the truck, appellant delivered it back to appellee and represented to him that it was in good condition and would perform the work appellee desired of it. Appellee thereupon paid to appellant $669.65, being the charge made by him for his services and material in repairing the truck. Appellee took the truck to his farm and made every reasonable effort to use it but it would not operate with any appreciable degree of efficiency. He so informed appellant and appellant and one of his employees did some additional work on the truck but it was never restored to a condition in which it could be used by appellee.

On July 9, 1947, appellee filed this suit against appellant alleging the facts as above detailed and that, when he delivered the truck to appellant, he assured appellee that he could and would repair it and place it in good working order; that on June 4, 1947, appellant informed appellee that he had repaired the truck; that it was in good working order, and appellee thereupon paid him his charges therefor in the sum of $669.65. He alleged further that the truck was not placed in good working order and that he was wholly unable to use it; that all of the labor and material for which appellant charged him and for which he paid appellant were worthless and of no value to appellee; and prayed for judgment

against appellant for the amount he had paid appellant for the work performed and material used in his effort to repair the truck.

Appellant answered by the general issue and alleged that, when appellee delivered the truck to him at his garage, he agreed to obtain such parts as he was able to obtain and undertake to repair the truck with such parts, new and used, as he could procure, for which appellee agreed to pay him the fair and reasonable cost of such labor and material and that the charge he made therefor was a fair and reasonable charge for the material furnished and labor performed by him. He alleged that he explained to appellee that parts, either new or old, to replace those in a truck of its nature and age were difficult to obtain but that he would procure such parts as were available in the market and junk yards and repair the truck as well as could be done and do it in a workmanlike manner. He alleged that he did procure such parts as were available and that the work performed on the truck by him and his employees was performed in an efficient and workmanlike manner and that, therefore, he complied with his contract and appellee was not entitled to recover anything from him.

The case was submitted to a jury upon three special issues, in answer to the first of which the jury found that appellant failed to make the repairs, or any of them, in a skillful and workmanlike manner. In answer to the second special issue it found that appellee paid to appellant for making the repairs more than the repairs were reasonably worth and, in answer to the third special issue, it found that the difference between the amount paid to appellant by appellee for the repairs and the actual value of the repairs made was $669.65. The court entered judgment upon the verdict in favor of appellee and, appellant's motion for a new trial being overruled, he duly excepted and has perfected an appeal therefrom to this court.

Appellant presents a number of assignments of error in which he contends the judgment should be reversed because, first, the case was not tried in accordance with the law of the case as announced in the opinion of this court upon a former appeal. Manzer v. Barnes, 213 S.W.2d 464, in which the case was reversed and remanded. Secondly, he contends there were no pleadings nor evidence to support the judgment as rendered nor to support the finding of the jury to the effect that he failed to make the repairs in a skillful and workmanlike manner, nor that he had charged appellee more than the labor and material were reasonably worth.

After the case was remanded on the former appeal, appellee amended his pleadings and the case was tried upon his First Amended Original Petition. In the original trial, from which the first appeal was prosecuted, appellant requested the court to submit to the jury a special issue concerning his contention of what was the original contract between him and appellee when the truck was delivered to him for repairs. He contended then, as he does here, that he agreed only to procure such parts as were available and repair the truck as best he could under the circumstances. In the first trial the court refused to submit his requested special issue upon that question and appellant was therefore deprived of the right to have the jury pass upon his affirmative defense that he only agreed to repair the truck as best he could and perform the work in a workmanlike manner. This court held that, in refusing to submit the requested special issue, the court committed reversible error for which the case was reversed. Although there was a wide difference in the allegations of appellant and appellee upon the second trial as to what the original contract was, the court did not submit any special issue to the jury concerning its nature or terms and no such special issue was requested by either party. Thus it will be seen that the issue and assignment of error upon which the case was reversed on the first appeal was not in the case upon the second trial and is not brought forward in this appeal. Dallas Ry. & Terminal Co. v. Graham, Tex.Civ.App., 185 S.W.2d 180; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438.

 Under the provisions of Rule 279, Texas Rules of Civil Procedure, the right to have the jury pass upon the nature and

terms of the original contract was waived by both parties and, since there were no written findings of fact made by the trial court, the omitted issues must be deemed as found by the court in such manner as to support the judgment. The verdict was equivalent to a finding by the jury that, because of a lack of skill, the work performed and material used by appellant in his efforts to repair the truck were of no value to appellee and, since the court entered judgment upon the verdict, it must be assumed that the trial court found, as a matter of fact, that appellant agreed to place appellee's truck in good condition so that it would do the work and perform the services for which appellee desired to use it. It was undisputed that the truck wholly failed to perform any service and that it had to be abandoned by appellee. He was, therefore, entitled to recover of appellant the amount he had paid appellant for the labor and material for which he had charged appellee and appellee had paid him. Shasta Oil Co. v. Halliburton Oil Well Cementing Co., Tex.Civ.App., 10 S.W.2d 597; Burrichter v. Bell, 196 Iowa 529, 194 N.W. 947; La Plante v. Du Pont, 223 Mich. 343, 193 N.W. 820, 31 A.L.R. 694; Davidson v. Edgar, 5 Tex. 492.

In the case last cited, decided by the Supreme Court in the early days of the history of our jurisprudence, it was held that, in cases of this nature, where work is contracted to be performed, there is an implied obligation that it will be executed in such a manner as to comport with the object designed by the parties and, where it fails to do so, the person performing the labor and furnishing the material is not entitled to recover therefor. While this is not a case in which appellant is seeking to recover the value of his labor and material, the rule announced is equally applicable to a case like this, where the charge for the labor and material has already been paid and the owner of the property or thing upon which the labor and material were expended, is seeking to recover the amount he had paid. La Plante v. Du Pont, supra. The testimony showed that, when appellant delivered the truck to appellee, he assured appellee that it was in good condition and

presented appellee with his bill for the labor and material and appellee paid it in full.

Appellee alleged in his amended petition that all of the labor and material for which appellant charged him was worthless and of no value to him. We think these allegations and others contained in the pleadings, as well as the evidence, were sufficient to support the verdict and that the assignments of error supporting appellant's second contention must be overruled.

A careful examination of the record and consideration of the points presented by the briefs fail to reveal any reversible error, and the judgment of the court below will, therefore, be affirmed.