## BLACKBURN v. SANDERS.

### No. 6300.

Court of Civil Appeals of Texas.
Amarillo.

May 4, 1953.

Rehearing Denied June 1, 1953.

**430**

Cornelius & Cornelius, Jefferson, Nat D. Heaton, Slaton, for appellant.

Charness & Shaw, Lubbock, for appellee.

PITTS, Chief Justice.

This appeal is from a venue action in which judgment was rendered overruling a plea of privilege. It grew out of an original suit filed by appellee J. D. Sanders, against many named defendants, including appellant J. D. Blackburn, one H. S. Dobbs, as well as Sam Loomis, individually, and an alleged partnership composed of appellant Blackburn and Sam Loomis, for the collection of an alleged balance of $14,149.03 due appellee for material sold to and furnished for the benefit of appellant and other named defendants for the construction of houses in Lubbock, Lubbock County, Texas, in a building program conducted by H. S. Dobbs, an agent and employee of the partnership. Appellant filed his plea of privilege asserting his right to be sued in Marion County, Texas. The same was controverted by appellee and a hearing was had before the court without a jury on the plea of privilege only with the result above stated from which an appeal was perfected. At the request of appellant the trial court filed its findings of fact and conclusions of law.

Appellee seeks to maintain venue in Lubbock County, Texas, under section 4 of Article 1995, Vernon's Annotated Civil Statutes, as construed by the Commission of Appeals in the case of Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

In his assignments of error appellant contends that appellee has failed to meet the requirements of section 4, Article 1995, by reason of his failure to establish a valid cause of action against a resident defendant or a joint cause of action against a resident defendant and a nonresident defendant or a cause of action against each of such two defendants so intimately connected that the two may be joined under the rule intended to avoid a multiplicity of suits. Appellant further contends that inasmuch as the agreement upon which appellee relies for recovery is a mere oral guaranty made by the resident defendant to pay to appellee the debt of Dobbs, another defendant, such oral agreement of the resident defendant to pay to appellee the debt of another is in contravention of and in violation of Article 3995, Vernon's Civil Statutes, commonly known as the Statute of Frauds.

As a result of the evidence heard the trial court found, in effect, that a joint enterprise partnership existed between Sam Loomis, a resident defendant, and appellant as a nonresident defendant; that Sam Loomis, on behalf of the partnership, employed defendant H. S. Dobbs, a resident of Lubbock County, to build houses for the partnership in Lubbock County, Texas; that appellee thereafter agreed with Loomis and Dobbs to furnish material upon an open account for the construction of the houses; that appellee made such agreement only because of his knowledge of the existence and purpose of the partnership, of its financial rating and because Loomis assured him of his payments for such material furnished; that appellee was then due the sum of $14,149.03 in payment for building material furnished for the use and benefit of the joint partnership enterprise. The trial court concluded, in effect, that appellee pleaded and proved a cause of action against Loomis, a resident defendant, and a joint cause of action against Loomis and appellant, Blackburn, a nonresident defendant; that appellant Blackburn is a necessary partner to the suit; and that no agreement made is in contravention of Article 3995, commonly known as the Statute of Frauds.

■ The rules set out in the Stockyards Nat. Bank v. Maples case, supra, handed down in 1936 and cited since many times

with approval and in fact cited here and relied on by both parties, provide that in order to meet the requirements of section 4 of Article 1995 it must be established by pleadings and affirmative proof (1) that one of the defendants resides in the county where the suit is pending; (2) the existence of a cause of action against the resident defendant; (3) and that the cause of action alleged against the resident defendant is a joint cause of action against such defendant and the nonresident defendant, or that the cause of action alleged against the resident defendant is so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits.

After a careful examination of appellee's pleadings we find no fault with them. The evidence, in effect, reveals that appellant, J. D. Blackburn, resided in Marion County, Texas, and was therefore a nonresident defendant; that defendant Sam Loomis resided in Lubbock County, Texas, and was therefore a resident defendant; that appellant and Loomis were engaged in a partnership building program, under a written agreement of date March 3, 1951, being conducted in Lubbock County, Texas, wherein appellant was furnishing the money for the joint enterprise and Loomis was on the ground, doing the buying, promoting and supervising the building program and selling the houses after completion while defendant, H. S. Dobbs, an employee, was constructing the houses for the partnership and doing other work for the partnership at the request and under the direction of Loomis; that appellee, J. D. Sanders, resided in Lubbock, Lubbock County, Texas, where he was engaged in the retail lumber business and selling various kinds of materials for building purposes; that Loomis first approached appellee and opened an account in his own name for the purchase of building material for the partnership building program and then and there purchased material for the construction of one or two houses; that appellee knew about the existence of the partnership and knew something of appellant's financial rating and permitted the opening of the account because of his knowledge of such partnership and appellant's financial rating; that appellee knew H. S. Dobbs was building the houses for the partnership; that soon after the account was opened in the name of Loomis, the said Loomis in person had appellee to change the building material account from the name of Loomis to the name of H. S. Dobbs but Loomis told appellee that he (Loomis) would check with appellee before each Lubbock County house job was closed and would see that appellee got his money for material furnished; that under such an arrangement appellee sold about $22,000 worth of building material to Loomis and the partnership for the construction of 19 houses and one office building in Lubbock County and charged the material to Dobbs as requested by Loomis; that under the arrangement appellee looked to Loomis and the partnership for his money; that the payments seemed a little slow and appellee called Loomis about the matter and Loomis asked him not to worry but to wait until they closed two or three more house jobs and appellee would then get his money; that the account was paid in part and reduced to $14,149.03, which sum was still due and unpaid.

Appellant seeks to invoke the Statute of Frauds on the grounds that Loomis only guaranteed orally to pay the debt of H. S. Dobbs and an oral agreement or promise to pay the debt of another cannot be enforced. An oral promise in substance only to pay the debt of another does not create a legal and binding obligation and may be defeated under the Statute of Frauds, as was held by the Commission of Appeals in the case of Housley v. Strawn Merchandise Co., Tex. Com.App., 291 S.W. 864, 867. But the court there further held that, "if the character of the promise is such that it creates an obligation independent of the obligation of the other party, and is therefore an original and not a collateral undertaking, it is not within the contemplation of the statute [Article 3995], even though the promise may be in form one to pay the debt of another." In the case

of Hacker v. Whitney Dam Lumber & Construction Co., Tex.Civ.App., 225 S.W. 2d 225, writ refused, this same rule was applied to a similar factual situation to that presented in the case at bar with numerous authorities there cited in support of the rule. In the case here presented the debt in question is not the debt of H. S. Dobbs. Dobbs, as an employee and agent of Loomis and appellant, helped them to create the debt. But the debt is a primary obligation of the partnership which is composed of Loomis and appellant. Loomis guaranteed the payment of the debt but it was his own debt and that of his associate, appellant herein, that he guaranteed.

█ It is our opinion that the record fully supports the findings and conclusions of the trial court as well as its judgment. Appellant's points of error are therefore overruled and the judgment of the trial court is affirmed.