**J. D. BLACKBURN et al., Appellants,**

**v.**

**J. D. SANDERS et al., Appellees.**

**No. 6476.**

Court of Civil Appeals of Texas.

Amarillo.

April 18, 1955.

Rehearing Denied May 23, 1955.

See also Tex.Civ.App., 258 S.W.2d 429.

J. R. Cornelius, Jefferson, and Edward W. Napier, Lubbock, for appellants.

Charness, Shaw & Daniel, Geo. S. Berry, Lubbock (Thomas L. Clinton, Lubbock, of counsel); Campbell Elkins, Klett, Bean & Evans, Lubbock (Chauncey Trout, Lubbock, of counsel), for appellees.

PITTS, Chief Justice.

This is an appeal from an action to recover for labor and materials furnished in the construction of 20 houses located in Lubbock, Texas. The suit was instituted by appellee, J. D. Sanders, doing business as J. D. Sanders Lumber Company, to recover on a sworn account in the sum of $14,149.03 as a balance due him for building material furnished appellants J. D. Blackburn, Sam Loomis and Carl Davis, in the construction of the said houses and against appellee H. S. Dobbs only in the

alternative. Dobbs answered by a denial of liability and impleaded other parties whom he alleged held some character of claims for materials furnished in connection with the construction of the said houses involved herein. Dobbs also pleaded a verified cross action against appellants, Loomis, Davis and Blackburn, claiming to be the agent of the said appellants in the purchase of the materials used in constructing the said houses for appellants and seeking recovery against appellants on an alleged agreement with them for a balance due him. Only the impleaded parties of Roy Bristow, doing business as Lubbock Insulation Company, Newsom Paint and Supply Company, A. G. Brown and Billy Walls, appellees herein, pursued their respective claims in the action.

The case was tried to a jury and judgment was rendered upon its verdict for the previously named appellees and against the named appellants, from which judgment appellants have perfected an appeal. Such appeal is predicated upon 17 points of error but for obvious reasons later shown we do not deem it necessary to discuss all the points numerically or separately.

Appellee Sanders pleaded that he furnished material for the said houses to appellants at their request; that appellants employed H. S. Dobbs as their agent to supervise the construction of the houses and that appellant Sam Loomis, acting for himself and the other appellants, originally opened the account with appellee Sanders for the purchase of the said material furnished and thereafter requested that the account be changed to the name of H. S. Dobbs but that appellants would see that the account for the materials purchased was paid and that Loomis assured him from time to time that appellants would pay the account. Sanders based his right of recovery upon an express contract between him and appellants, the actual agency of Dobbs for appellants or agency by estoppel in any event. Only in the alternative did Sanders allege an action against H. S. Dobbs.

H. S. Dobbs denied liability to Sanders and pleaded he acted as agent for appellants in purchasing the materials for them and in constructing the houses for them at an agreed price of $500 for each house, for which appellants were indebted to him in the sum of $2,231.74 as a balance due.

The interpleaded appellees previously herein named answered by asserting their respective claims and pleading that Dobbs was the agent of appellants or was held out by appellants as their authorized agent, for which reason appellants are estopped to deny such agency.

Appellants denied under oath generally and specifically the allegations of appellees. They pleaded that Dobbs was not their agent but he contracted with them to build the houses in question and to furnish all labor and materials therefor and that he had been fully paid therefor.

The uncontroverted evidence reveals that Sanders was engaged in the lumber business at Lubbock; that Dobbs was an experienced building contractor at Lubbock; that Loomis lived at Lubbock and Blackburn lived in Jefferson, Texas, but the two formed a partnership about March of 1950, for the purpose of building residences for sale in Lubbock, financed principally by Blackburn; that Davis resided in Lubbock where he was manager for a loan broker and that Davis and Loomis formed a partnership in August or September of 1951, for the purpose of building and selling residences in Lubbock; that neither Blackburn nor Davis actively participated in their respective partnership affairs but such affairs for each partnership were carried on for all practical purposes by Loomis, the common partner to both partnerships; that the impleaded appellees were also engaged in business in Lubbock. Some of the remaining material issues were controverted.

However, appellants admit on pages 22 and 23 of their joint brief filed, that:

"There is no dispute in the evidence that appellees have an unpaid account (it is not material to this point that

portions may not be recoverable against appellants). The sole question is who is liable for the accounts —Dobbs or appellants."

We agree with appellants that liability as between them and Dobbs is the controlling question to be here determined and shall now proceed to examine the material findings to see upon which party liability was placed.

The jury found separately that the appellees Sanders, A. B. Brown, and Billy Walls, respectively, furnished the alleged material or labor, as the case may have been, for the houses in question, for which they were each respectively due a balance of $14,149.-03 for Sanders, $812.37 for Brown, and $155 for Walls. The jury likewise found that the respective claims of these appellees were each presented by them respectively to appellant Loomis more than 30 days prior to the filing of this case, by reason of which the said appellees respectively were entitled to a reasonable attorney fee in the sums of $5,000 for Sanders, $275 for Brown and $60 for Walls (these said sums are not challenged by appellants). The jury likewise found that H. S. Dobbs did not contract with either of the partnerships to build the houses in question and to furnish all of the labor and material therefor but that appellant Loomis, acting for himself and the other appellants, employed H. S. Dobbs to build all of the said houses for appellants at an agreed price of $500 per house, for which appellants still owed Dobbs the sum of $2,231.74. The jury further found that appellant Loomis knowingly made a false representation or promise concerning a material fact to appellee Sanders as a material inducement to get Sanders to furnish or continue to furnish the materials in question and that appellee Sanders believed and relied upon such false representation or promise which was so made by Loomis with the knowledge and consent of appellant Davis, or that such was at least ratified and affirmed by Davis, but that appellant Blackburn had no knowledge of such false representation or promise and did not ratify or affirm such. By reason of such false representation or promise, the jury also found that appellee Sanders was entitled to the sum of $10,000 as exemplary damages but no such damages were awarded to Sanders as against appellants or any of them by the trial court. The jury found that the houses in question were built for the two separate partnerships; that 8 houses were built for Blackburn and Loomis and 11 houses and one office garage were built for Loomis and Davis; that Blackburn had no interest in the houses built for Davis and Loomis and that Davis had no interest in the houses built for Blackburn and Loomis. The jury found further that appellee Sanders did not sell the material in question to Dobbs to be used in appellants' said houses solely upon the oral agreement of Loomis to the effect that he (Loomis) would see that Dobbs paid Sanders therefor.

In connection with the last jury finding mentioned, we may observe that the evidence conclusively shows, and Sanders admitted, that he would not have extended credit to Loomis alone for the large sums extending into thousands of dollars for material furnished by him for the houses, but that Sanders knew of only one partnership and thought it was composed of Loomis, Blackburn and Davis, appellants herein; that Sanders knew of Blackburn's financial rating and extended credit in the large sums partly, if not mostly, because of his knowledge of Blackburn and his financial rating. The evidence further conclusively shows that the original account was opened in the name of Loomis but Loomis later had it changed and placed in the name of Dobbs but promised to see that Sanders received pay for the material. Sanders testified that Loomis never told him of more than one partnership and that he told him that he (Loomis) would have to look after the selling of the houses and that Dobbs would look after the buying of the material from Sanders for the houses and checking the invoices and receipts on the jobs and for his convenience to bill Dobbs with the accounts but that Loomis would see them all paid on the jobs before the loans were closed and that he (Sanders) followed such

instructions and never looked to Dobbs for payment of the accounts but he looked to Loomis, Blackburn and Davis. In our opinion, the last jury finding mentioned is of no significance since it does not help to solve any material question in the case.

Appellees and intervenors, Roy Bristow, doing business as Lubbock Insulation Company, and Newsom Paint and Supply Company, held relatively small claims in the sums of $298.10 and $280.04, respectively, to be paid either by appellants or by H. S. Dobbs, for which reason the parties agreed by stipulation, as recited in the trial court's judgment, that appellants would be liable therefor, if it be found that H. S. Dobbs was their agent, but, if it be found that H. S. Dobbs was not appellants' agent, then H. S. Dobbs himself would be liable for such accounts. Without stating the reason therefor, the trial court then stated, "* * it is found by the court that the said H. S. Dobbs was the agent of Sam Loomis, Carl Davis, and J. D. Blackburn," appellants herein. After having further found, based upon the stipulation, that the said accounts "were fair and just and were not paid," the trial court rendered judgment against appellants for these said accounts of the said appellees, except for $58.99, which H. S. Dobbs admittedly owed Newsom Paint and Supply Company on its account.

In connection with this matter appellants contend that the issue of agency was a disputed fact question to be determined by the jury and not by the trial court, while appellees contend that the trial court was justified in finding and concluding, as a result of jury findings previously herein set out, and other facts based upon conclusive evidence, that Dobbs was the agent of appellants. The parties joined issues on whether or not Dobbs was an independent contractor or an agent of appellants. The jury found that Dobbs was not an independent contractor but was employed by appellants through Loomis under a labor contract to build the houses. The record reveals conclusively that Dobbs bought the material for the houses with the knowledge

of Loomis, if not under the direction of Loomis, who was the over-all supervisor of all construction for both partnerships. The jury also found that Loomis fraudulently induced appellee, Sanders, to furnish or to continue to furnish the material in question. For these reasons the agency of Dobbs is inescapable. But, be that as it may, without regard to the burden of either pleading or offering evidence, the stipulation of the parties as to agency of Dobbs concerning these said claims was stated both affirmatively and negatively, that is, if Dobbs was the agent of appellants they would be liable, but, if Dobbs was not appellants' agent, then he would be liable. In our opinion, since the question depended wholly upon the agreement stated both affirmatively and negatively, without regard to the burden of pleading and proof, it was as much the duty of appellants as appellees to see that the question of agency here raised was directly submitted to the jury if they felt such necessary and if such had not already been otherwise determined by issues submitted and answered by the jury as contended by appellees. If the matter of agency had not already been determined by issues otherwise submitted and answered by the jury as contended by appellees, then all the parties waived the matter of directly having the issue of agency submitted to the jury, in which event it must be deemed that the omitted issue of agency, if not already determined, was properly found and determined by the trial court in such a manner as to support its judgment since there were no other written findings. Rule 279, Texas Rules of Civil Procedure, as construed in the case of Anderson Furniture Co. v. Roden, Tex.Civ.App., 255 S.W. 2d 345, 357 [16]. Such an issue was so determined under similar circumstances in the case of Rodriquez v. Higginbotham-Bailey Logan Co., Tex.Civ.App., 172 S.W. 2d 991, writ refused. In that case a component element of ground of recovery was the authority of an employee as an agent to make a contract. Such an issue was not submitted to the jury. No request was made to have the matter submitted to the jury. The Court there held that under such

circumstances the trial court should decide the issue in accordance with the evidence and in support of its judgment because the determination of such by a jury had been waived. In as much as all other grounds of recovery by appellees in the case at bar were answered by the jury, it must be concluded that the trial court, under the record presented, was justified in finding and concluding on behalf of the said appellees, that Dobbs was the agent of appellants, there being ample evidence, if not conclusive evidence, in support thereof. The trial court's finding is not limited and applies therefore to all appellees alike. This rule of law is also supported by the cases of Jordan v. Collier, Tex.Civ.App., 223 S.W. 2d 544; Manzer v. Barnes, Tex.Civ.App., 237 S.W.2d 686; Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 431, 20 A.L.R.2d 853.

 It is also highly possible that the trial court based such a finding and conclusion of agency upon a former judicial determination of the same question of the agency of Dobbs based upon similar facts growing out of the same transactions and presented in the venue actions which arose out of this case and were appealed to this Court as shown reported in the cases of Blackburn v. Sanders, 258 S.W.2d 429, and Blackburn v. Dobbs, 258 S.W.2d 432 (petitions for mandamus being dismissed in both actions). In the said venue actions reviewed on appeal by this Court, the same trial judge heard the cases without a jury and filed its findings and conclusions therein at the request of appellants therein, who were at least some of the appellants herein. The trial court there found in effect that the partnership contracted with H. S. Dobbs to build the houses involved in this action; that thereafter Dobbs and Loomis contracted with appellee herein, J. D. Sanders, authorizing Sanders to sell material for the construction of the said houses to Dobbs upon the oral agreement of Loomis to the effect that the partnership would pay for the said material and that Sanders would not have sold the material to Dobbs without the agreement for the partnership to be liable therefor and except for the

further fact that Sanders knew of the association of J. D. Blackburn with Loomis in the building project. Based upon these and other findings supported by the evidence in the venue actions, this Court found and judicially determined in its opinion in the first action that Dobbs was an employee and agent of the partnership composed of Loomis and Blackburn, working under the direction of Loomis in buying the material and building the houses in question and that in so doing, Dobbs, as such agent, helped the said partnership create the accounts here sued on. This Court also found the venue actions to be closely related and governed in some respects by the same rules of law, although the latter venue action raised issues different from any found in the first action. In any event, we believe the trial court was justified in finding and concluding under the record presented that Dobbs was the agent for appellants.

Appellants assert that the sole issue to be here determined is the alternative question of, "Who is liable for the accounts—Dobbs or appellants?" Based upon the jury findings, supplemented possibly by its own finding, the trial court found and concluded that appellants are liable to appellees for the accounts and rendered judgment accordingly. We think the trial court's action has support also in the case of Hacker v. Whitney Dam Lumber & Construction Co., Tex.Civ.App., 225 S.W.2d 225, writ refused.

 The trial court rendered a joint and several judgment against appellants Loomis, Davis and Blackburn in behalf of appellees Sanders and Dobbs, and as to the attorney's fees only in behalf of appellee A. G. Brown. Appellants challenged such action upon the ground that they comprise two separate partnerships who engaged in the construction of separate houses involved in this suit. It is conceded that Loomis, the common partner to both partnerships, was in charge of the entire building program for his partners in both partnerships and it is conclusively shown that appellees, at the time of the transactions, knew nothing of more than one partnership and thought it was composed of all three

appellants herein. The evidence also conclusively reveals that appellees were never advised to keep separate accounts and the materials were received and were used indiscriminately throughout the whole building program without keeping separate accounts. The payments made on the accounts were likewise made without any directions for applying the payments. Loomis himself as a witness did not deny that the materials were so furnished and he testified that he did not care who Dobbs had receive the materials or where the materials were delivered, whether to a Blackburn-Loomis job or a Davis-Loomis job. For these and other reasons conclusively shown by the record, the materials furnished by appellees were so commingled that it was impossible to determine where on the over-all building program that the materials furnished by appellees went or on whose separate project such were used, other than they were furnished and used at some place on the over-all combined project belonging to one or the other of the partnerships. It conclusively appears that no effort was made to keep track of where any of the material went so long as it was delivered and used on some part of the over-all project.

In the case of Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731, 734, the Supreme Court recently held that when claims such as are here presented "cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable * * * and the injured party may proceed to judgment against any one separately, or against all in one suit." Although that action was one for damages, we think the rule as announced is applicable as well to the claims for unpaid accounts such as are here presented and that the trial court properly rendered judgment against appellants jointly and separately on the accounts and claims for the three appellees previously mentioned. In our opinion, such action of the trial court is supported also by the following additional authorities: Murchison

v. Ballard, Tex.Civ.App., 178 S.W.2d 554; Kadane v. Clark, Tex.Civ.App., 134 S.W.2d 448, reversed on other grounds 135 Tex. 496, 143 S.W.2d 197; Dunning v. Badger, Tex.Civ.App., 74 S.W.2d 151; Callihan v. White, Tex.Civ.App., 139 S.W.2d 129; Danciger v. Smith, Tex.Civ.App., 286 S.W. 633, writ refused by opinion, 116 Tex. 269, 289 S.W. 679; 9 Tex.Jur. 372, Sec. 4, 11 Amer.Jur. 528, Sec. 2.

Appellants raise other matters we believe to be only evidentiary and not material when the record as a whole is considered. They also complain because the trial court refused to submit to the jury certain requested issues, which we believe were either covered in the court's main charge submitted to the jury, not raised by the evidence or they failed to raise any material issues in the case. Appellants seem to challenge certain immaterial isolated matters picked from the voluminous record composed of 1,160 pages in the statement of facts and a total of 360 pages in the transcript, together with a large number of original exhibits. Without presenting any assignment of error charging insufficiency of the evidence to support the jury findings and the trial court's judgment, appellants seem to challenge either directly or indirectly some of such findings and a portion of the judgment upon the grounds of insufficiency of the evidence, which this Court has no jurisdiction to pass upon without an assignment of error has been made charging such insufficiency of the evidence. Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164. We deem such matters apparently challenged to be immaterial to the controlling issue of liability admittedly presented in the case.

In our opinion the controlling issues were fairly submitted to the jury and answered against appellants. Our examination of the voluminous record and the briefs presented reveals no reversible error. All of the appellants' points to the contrary are overruled and the judgment of the trial court is affirmed.