Elmer STIGGER et al., Appellants,

v.

MISSOURI–KANSAS–TEXAS R. CO. OF
TEXAS et al., Appellees.

No. 15072.

Court of Civil Appeals of Texas.

Dallas.

April 20, 1956.

Ralph Hall, Rockwall, Waller M. Collie, Jr., and Pete White, Dallas, for appellants.

Homer Stimson, Royse City, Claude Isbell, Rockwall; and O. O. Touchstone, Dallas, for appellees.

DIXON, Chief Justice.

This is a damage suit brought by appellants, who are the surviving husband and mother respectively of Perlee Stigger, a woman killed in a collision between an automobile and a train. The defendants were Missouri-Kansas-Texas Railroad Company of Texas and W. M. Lingo, Jr., Administrator of the Estate of Victor Saufley, deceased. Perlee Stigger was employed as a maid by Victor Saufley, and was a passenger along with members of Saufley's family at the time of the collision.

Appellants in their second amended original petition charge the Railroad Company and Saufley separately with several acts of negligence. Then their petition continues with this allegation:

"11. Plaintiffs further allege that the acts and omissions on the part of the defendant Railroad, and the acts and omissions on the part of Victor Saufley, all as have been hereinbefore set forth, were individually and collectively a proximate cause of the collision concerned in this lawsuit, and, in the alternative, that some one or more of the acts and omissions as aforesaid on the part of the defendant Railroad, and some one or more of the acts and omissions as aforesaid on the part of Victor Saufley, concurred in producing the collision made the basis of this lawsuit; and that such concurring acts and omissions of the defendants proximately caused the injuries and damages complained of herein."

Appellee Railroad Company, one of the defendants, relying on Rules 40(b) and 174 (b), Texas Rules of Civil Procedure, presented a motion for severance and separate trial. The motion was sustained by the trial court. This is an appeal from the order sustaining the motion to sever.

Appellants have not amended their petition, nor has the suit been dismissed. It is still a pending cause of action in the trial court.

Appellants say that notwithstanding Rules 40(b) and 174(b), T.R.C.P., it was error to grant the severance because appellants had a right as a matter of law to assert in one suit a joint and several cause of action against the defendants, whose concurring acts of negligence caused the collision and death of Perlee Stigger. Landers v. East Texas Salt Water Disposal Co., 151 Tex. 251, 248 S.W.2d 731; Kirby Lumber Corp. v. Walters, Tex.Civ.App., 277 S.W.2d 796; Blackburn v. Sanders, Tex.Civ.App., 278 S.W.2d 924. We are inclined to agree with appellants. However, for reasons which we shall point out, we are of the opinion that in the light of adjudicated cases thus far decided by our Supreme Court, we do not have jurisdiction at this stage of the proceedings to consider this appeal.

It has long been established law in this State that, unless otherwise provided by statute or rule, an interlocutory judgment or order is not appealable. Art. 2249, Vernon's Ann.Civ.St.; Miers v. Brouse, Tex., 271 S.W.2d 419; Henderson v. Shell Oil Co., 143 Tex. 142, 182 S.W.2d 994; 3–A Tex.Jur. 115–117.

In support of their contention that an appeal may be taken from the order of severance in this type of case, appellants rely on an expression by our Supreme Court in Landers v. East Texas Salt Water Disposal Co., 248 S.W.2d 731, at page 732: "The plaintiff was asserting a joint and several cause of action for damages against the two defendants and when the trial court ordered a severance of the cause so that plaintiff's suit asserting joint and several liability of the two defendants could no longer be tried, the plaintiff's case was terminated just as effectively as if it had been dismissed. The plaintiff was not required under the circumstances of this case to replead and try a case wholly different from that asserted by him in order to obtain appellate review of his right to pursue to trial the case made by his pleadings."

The above quoted statement does indeed lend support to appellants' conten-

tion. But we must point out that the statement is from an opinion in a case in which the plaintiff declined to amend after severance was ordered and the trial court thereupon dismissed the suit. The judgment of dismissal was of course a final judgment from which an appeal could be taken. Therefore the question now before us was not decided by the Supreme Court in the Landers case, and the quoted statement is to be regarded as dictum so far as concerns the question now before us. That being so, the statement does not have the effect of changing the existing rule, which we believe is contrary to appellants' contention. In our opinion under the present status of the law, this court does not have jurisdiction of the appeal.

The appeal is dismissed.