Ruby S. WALKER, a feme sole, et al., Plaintiffs in Error,

v.

Robert L. PETERS and Marilyn Jeanette Peters, Defendants in Error.

No. 5989.

Court of Civil Appeals of Texas.

El Paso.

Nov. 20, 1968.

Rehearing Denied Dec. 26, 1968.

959

Svanas & Svanas, Odessa, for plaintiffs in error.

Michael Earney, Odessa, for defendants in error.

## OPINION

FRASER, Chief Justice.

This is an appeal from the action of the District Court of Ector County, Texas, in severing two matters from a divorce suit.

Robert L. Peters had brought such suit against his wife, Marilyn Jeanette Peters. Defendant Mrs. Peters employed Gloria T. Svanas to represent her in the action brought by her husband, and for a while Mrs. Svanas did represent Mrs. Peters. Mrs. Svanas alleges that she had performed many functions for Mrs. Peters, such as filing defendant's answer, etc., before Mrs. Peters put her affairs into the hands of another attorney.

Trial was had to a jury, and the judge denied a divorce to both parties. Prior to hearing of the divorce suit, the judge severed two claims out of the divorce case. One of these was by Mrs. Svanas, filed against Mr. Peters for attorney's fees, and the other was filed by her mother, Mrs. Ruby Walker, for money that Mrs. Walker alleged she had advanced to Mr. Peters for the upkeep of the children, including the death and burial of one and the hospital expenses of one of the other two. In his Order of Severance the court ordered the claim of Mrs. Svanas, "Claim for Attor-ney's Fees", filed October 17th by Gloria T. Svanas, and the "Claim of Creditor", filed on October 17th by Mrs. Ruby S. Walker, severed from the divorce case between Mr. and Mrs. Peters, and further ordered that the clerk of the court file and docket each of these severed claims as a separate and independent cause of action on the docket of the court, with the costs to be taxed against the two ladies. Such action, of course, does not prevent Mrs. Svanas and Mrs. Walker from filing independent suits regarding the matters contained in the severed suits.

We believe that this order of severance on the part of the trial court is interlocutory in nature, and the severed claims are not appealable to this court until they have been tried on their own merits. It will be remembered that the court ordered the clerk to file them as separate suits. As such they have not yet been tried, and we do not feel that we have the jurisdiction to consider the action of the trial court in severing these two matters or in passing on any feature of them, other than dismissing the appeal. It must be remembered that the court has wide latitude and discretion in the matter of granting severances. Art. 2249, Vernon's Ann.Civ. St.; Appellate Procedure in Texas, Chapter 2, [3]—Severance, pages 2–25; Stigger v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 289 S.W.2d 800 (n. w. h.).

Therefore, for the reasons set forth above, this appeal by writ of error must be and is dismissed.